Deron Brunson
138 East 12300 South #C 196
Draper, UT 84020
Telephone: 801-571-3199
Fax: 801-545-9914
Pro Se

IN THE THIRD JUDICIAL DISTRICT COURT,

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| DERON BRUNSON,<br><br>Plaintiff,<br><br>Vs.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., and LAW OFFICES OF WOODALL & WASSERMANN, and JAMES H. WOODALL, and AURORA LOAN SERVICES, LLC and JANE AND JOHN DOES 1-10,<br><br>Defendants. | **VERIFIED COMPLAINT**<br><br>Trial Court No.<br><br>Judge:<br><br><br>TRIAL BY JURY DEMANDED |

Comes now Plaintiff, Deron Brunson ("Brunson"), in Pro Se, alleges against the

Defendants as follows:

## VENU, PARTIES, AND JURISDICTION

1.  This action concerns title to Real Property located in Utah, Salt Lake County

commonly known as:

      1827 East Springdale Way, Draper, UT 84020 ("Springdale") more

1

particularly described as LOT 41, STEEPLECHASE PHASE 1, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OR RECORD IN THE SALT LAKE COUNTY RECORDER'S OFFICE.

2. Plaintiff is an individual residing in Salt Lake County, State of Utah with Springdale being his principle place of residence.

3. Defendant American Home Mortgage Servicing, Inc ("American Home") has an address of 4600 Regent Blvd., Suite 200, Irving, TX with a registered agent located in Salt Lake County, State of Utah.

4. Defendant Law Offices of Woodall & Wassermann ("Wassermann") is in good standing and does business in Salt Lake County, State of Utah.

5. Defendant James H. Woodall ("Woodall') is an individual whose place of work is in Salt Lake County, State of Utah. His residence is unknown to the Plaintiff.

6. Defendant Aurora Loan Services LLC ("Aurora") has an address of PO Box 1706, Scottsbluff, NE  69363-1706 with a registered agent located in Salt Lake County, State of Utah.

7. Plaintiff's causes of actions took place in the State of Utah, County of Salt Lake.

8. Defendants Jane and John Does 1-10 are known or unknown persons who may have culpability in furthering the wrongful Trustee's Sale and claims against Plaintiff, and all other persons unknown, claiming any right, title, estate or interest in, or lien upon The Property described in the pleading adverse to the complainant's ownership, or clouding Plaintiff's title thereto.

9. Venue is proper in this Court pursuant to U.C.A. §78B-3-301 and 304.

10. This Court has jurisdiction pursuant to U.C.A. 78A-5-102.

## FACTS COMMON TO ALL ALLEGATTIONS

11. On or about July 10, 2007 Plaintiff signed a Deed Of Trust ("Deed"), and other necessary documents known in the industry as "Closing Documents" to secure a loan ("Loan") from American Home to purchase Springdale. Some of these Closing Documents are attached as Exhibit "A".

12. American Home is listed as the lender on the said Deed Of Trust.

13. Plaintiff received a letter dated October 9, 2007 with the caption "NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OR SERVICEING RIGHTS" ("Assignment") attached as Exhibit "B".

14. This Assignment notified Plaintiff that the servicing of his mortgage loan was being assigned, sold or transferred from American Home to Aurora, effective October 15, 2007.

15. This Assignment referenced American Home Loan Number 1001833533 and Aurora Loan Number 0125009480.

16. Sometime on or about December 08, 2008 Plaintiff received a letter with a copy of the Substitution of Trustee and the Notice of Default and Election to Sell under Deed Of Trust. Attached as Exhibit "D".

17. Defendant Woodall was appointed successor Trustee under a Deed Of Trust executed by the Plaintiff Deron G Brunson dated November 11, 2008 that references Springdale.

18. A letter in RE: NOTICE OF CANCELLATION and NOTICE OF POSSIBLE INTENT TO SUE, was sent to American Home on February 13, 2009 by the Plaintiff. Attached as Exhibit "C" ("Notice of Cancellation").

19. As of April 20, 2009, American Home has not answered the questions and allegations raised in Plaintiff's Notice of Cancellation, and has ignored Plaintiff's recession of the loan and request for rescission forms.

20. A copy of this Notice of Cancellation was sent to Wassermann.

21. On or about April 17, 2009 Pete Vella from Calwestern Reconveyance located in El Cajon, California, who is working as an agent for Aurora on the matter of the foreclosure of Springdale, called the Plaintiff and informed him that he had received a copy of the Notice of Cancellation from Woodall and/or Wassermann.

22. The Notice of Cancellation alleges that American Home did not provide Plaintiff with a notice of right to cancel or rescind pursuant to 15 U.S.C. §1635.

23. As of April 20, 2009, American Home has not provided the Plaintiff with any rescission forms as required by 15 U.S.C. §1635 ("Rescission Forms").

24. Defendant's Woodall and Wassermann and Aurora are involved in procedures to execute a non-judicial foreclosure of Springdale.

25. As of April 17, 2009, according to Pete Villa, Woodall and Wassermann and Aurora are continuing with their procedures to execute a non-judicial foreclosure, despite Plaintiff's Notice of Cancellation requesting Rescission Forms and cancelling the Loan made with American Home.

26. Pplaintiff hereby alleges the following:

## FIRST CAUSE OF ACTION
(Negligence as to American Home)

### -Negligence Count 1 as to American Home-

27. Plaintiff hereby incorporates all preceding paragraphs of this Amended Complaint as though set forth fully herein.

28. Plaintiff's Notice of Cancellation is based upon his right to rescind pursuant to 15 U.S.C. §1635.

29. American Home was negligent when it did not properly provided to the Plaintiff the information requested by Plaintiff pursuant to 12 USC §2605(e)(b)(ii) & (e)(B).

30. American Home has therefore acquiesced to the damages alleged in Plaintiff's Notice of Cancellation for failing to provide the proper information to Plaintiff's request, and also acquiesced the following:

31. (a) The Deed Of Trust #10160314, and the Fixed/Adjustable Rate Rider, and the Planned Unit Development Rider APPL# 0001833533, and the Deed Of Trust #10160315, and the Planned Unit Development Rider APPL# 0001837505 and a Promissory Note that was never given to Plaintiff which may not exist, shall all be referred to as "Notes" and are attached as Exhibit "A" excepting the Promissory Note.

32. (b) <u>One or some, if not all of the Notes</u> ("All the Notes") that Plaintiff signed, were used to create an account of credit by American Home.

33. (c) American Home sold All the Notes.

34. (d) American Home used All the Notes as an investment vehicle, a process in the industry called "Securitization".

35. (e) American Home deposited All the Notes into a customer transaction

5

account, creating new money in violation of The Untied States Constitution, Article 1 § 8(5).

36. (f) America Home creates new money to loan by certain bank entries in violation of The Untied States Constitution, Article 1 §8(5).

37. (g) American Home issued a check drawn on the customer transaction account; thereby zero balancing the ledger on that customer transaction account.

38. (h) American Home financially profited when it sold All the Notes.

39. (i) The sale of All the Notes was for more then the aggregate amount.

40. (j) The sale of All the Notes created a surplus which was kept to financially enhance American Home.

41. (k) American home was negligent when it did not release Springdale back to the Plaintiff when All the Notes were sold for more then the aggregate amount.

42. (l) American Home was negligent when it did not provide Plaintiff of all sub ledgers referencing account # 0031868581 showing that the Loan has been paid in full.

43. (m) American Home was negligent when it did not provide all the documents to show that All the Notes became a zero bond.

44. (n) American Home was negligent when it did not give an accounting of all the funds produced by the All the Notes of the trust these assets are held in.

45. As to "Count 1 of this cause of action for Negligence against American Home" ("Negligence Count 1"), American Home acquiesced these allegations (a)-(n) for failing to respond, which were alleged in Plaintiff's Notice of Cancellation

46. Pursuant to 12 USC §2605(e)(b)(ii) & (e)(B) American Home had 60 days in which to respond to Plaintiff's Notice of Cancellation.

47. The 60 days has transpired and American Home has not properly responded to the

allegation in Plaintiff's Notice of Cancellation and is therefore in violation of this law.

48. For Negligence Count 1, Plaintiff has been damaged from all the knowledge that American Home has failed to provide which may show that the Loan is paid in full with surplus funds due to Plaintiff.

49. To satisfy Negligence Count 1, Plaintiff will accept the contract sales price of Springdale listed on line 101 of the Settlement Statement (Attached as Exhibit "E") in the amount of $1,370,000.00. This will satisfy Negligence Count 1 as long as it is also with Negligence Count 2.

### Negligence Count 2 as to American Home

50. On or about July 10, 2007 American Home was negligent when it did not provide Rescission Forms before, during or after Plaintiff signed Closing Documents.

51. The signing of the Closing Documents constitutes a consumer credit transaction ("Loan") from American Home to the Plaintiff and is subject to Plaintiff's Right of Rescission.

52. Pursuant to 15 U.S.C. § 1635 requires American Home as a creditor to provide the Plaintiff with Rescission Forms.

53. Plaintiff's Notice of Cancellation requested Rescission Forms from American Home.

54. American Home has ignored Plaintiff's request for Rescission Forms.

55. American Home has never provided the Plaintiff with Rescission Forms in violation of 15 U.S.C. § 1635 and is therefore negligent.

56. Plaintiff has three years from the date of executing the Closing Documents in

which to exercise his right to rescind, therefore Plaintiff is within the time limit to rescind.

57. Pursuant to 15 U.S.C. §1640, American Home's violation of 15 U.S.C. §1635 shall award Plaintiff twice the amount that Plaintiff paid in interest on the Loan.

58. Interest payments on the Loan totals $99,158.52 attached as Exhibit F.

59. Pursuant to 15 U.S.C. §1635 Plaintiff is entitled to a full refund of all monies paid at closing.

60. According to the Settlement Statement (Attached as Exhibit "E") Plaintiff paid out $197,827.32 at closing.

61. To satisfy Negligence Count 2 as to American Home, Plaintiff will accept twice the interest payments totaling $198,317.04, and a full refund of all the money paid at closing totaling $197,827.04 making a grand total of 396,634.08. Upon receipt of $396,634.08 and a full cancelation of the Loan, thereby relinquishing Plaintiff from any and all other liens, loans or debts, association fees, and property taxes associated with Springdale, Plaintiff shall Deed Springville back to American Home. This will satisfy Negligence Count 2 which must be satisfied with Negligence Count 1.

### SECOND CAUSE OF ACTION
**(Wrongful Foreclosure as to Wassermann, Woodall and Aurora)**

62. Wasserman, Woodall and Aurora ("Foreclosure Defendants") are proceeding with a wrongful non-judicial attempt to obtain a prejudgment seizure and attachment in violation of the due process provisions of the Utah Constitution. In *State v. Briggs*, 2008 UT 83 we read "Both the federal Constitution and the Utah Constitution contain provisions safeguarding an individual's right to due process of law. The Utah Constitution provides that "[n]o person shall be

deprived of life, liberty or property, without due process of law. The Fifth Amendment to the federal Constitution also provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." Courts have also long recognized that the violation of a person's constitutional right constitutes irreparable injury for which there is no adequate remedy at law.

63. OCKEY v. LEHMER, 2008 UT 37 quotes *Fletcher v. Stone*, 20 Mass. (3 Pick.) 250, 252 (1825) ("Acts which affect injuriously the public interest are generally void; and those which affect only private rights are voidable." (citation omitted)

64. Any agreement that Plaintiff has made that allows for the non-judicial taking of Plaintiff's property is void as a matter of law. One cannot make or agree to a contract that violates the laws, statues or the Constitution of Utah.

65. In addition, Foreclosure Defendants are aware of the Notice Cancellation.

66. With this law suit, Plaintiff is seeking to enforce his <u>Rescission</u> on the Loan.

67. Based upon the profession of the Foreclosure Defendants it is assumed that they know or have knowledge of 15 U.S.C. §1635 and 15 U.S.C. §1640.

68. The Foreclosure Defendants know they are proceeding with a wrongful non-judicial foreclosure on Springdale (see exhibit "A") in violation of Plaintiff's right of due process, and they know the Deed is void pursuant to Plaintiff's Notice of Cancelation.

69. Foreclosure Defendants are propounding damages against the Plaintiff in the amount of $1,370,000 which is the contracted sale price of the home. (See Exhibit "E")

70. To satisfy this cause of action, Plaintiff will accept either, (a) $1,370,000.00 to be equally split amongst the Foreclosure Defendants, or (b) a permanent cancellation of the Notice of Default in reference to the current Deed.

### THIRD CAUSE OF ACTION
(Punitive Damages as to American Home, Wasserman, Woodall and Aurora)

-Punitive damages as to American Home-

71. American Home is in the business of creating home mortgages.

72. American Home understands and knows about 15 U.S.C. §1635 and 15 U.S.C. §1640.

73. American Home understands and knows about 12 USC §2605(e)(b)(ii) & (e)(B).

74. Through discovery, if it is found that American Home has violated 15 U.S.C. §1635 or 12 USC §2605(e)(b)(ii) & (e)(B) or both with more one mortgage created within 30 days of Plaintiff's closing date, this would demonstrate a gross negligence of duty which should impound strong punitive damages of at least twice the amount Plaintiff seeks in damages for the First Cause of Action.

75. To satisfy this cause of action, plaintiff seeks in punitive damages the amount of $2,766,634.08 with a Deed of Reconveyance of Springdale back to the Plaintiff void of any liens, debts or other claims. If discovery does not show more then one other violation with another mortgage, then Plaintiff seeks $1,383,317.04 with a Deed of Reconveyance of Springdale back to Plaintiff—clean of any liens, debts or other claims, or whatever the Court deems reasonable and proper.

-Punitive Damages as to Wasserman, Woodall and Aurora-

76. The proceeding of Foreclosure Defendants with a wrongful non-judicial foreclosure of Springdale are in violation of Plaintiff's right of due process which constitutes

irreparable harm for which there is no remedy at law.

77. Foreclosure Defendants knowingly are proceeding with a wrongful non-judicial foreclosure based upon a voided Deed.

78. Wasserman and Woodall have legal knowledge of foreclosure proceedings.

79. Foreclosure Defendants are aware of 12 USC §2605(e)(b)(ii).

80. Foreclosure Defendants are aware of 15 U.S.C. §1635 and 15 U.S.C. §1640.

81. Foreclosure Defendants are aware of Plaintiff's Notice of Cancellation.

82. Foreclosure Defendants are maliciously and intentionally proceeding with the taking of Defendants property while ignoring the law and Plaintiff's Notice of Cancellation.

83. Plaintiff seeks twice the amount of damages from the Second Cause of action as punitive damages which total $2,740,000.00.

**WHEREFORE**, Plaintiff prays for relief as claimed for each cause of action and for cost of court, Plaintiff's time and for further relief that the Court deems is just and equitable.

Dated this _21st_ day of April, 2009.

Deron Brunson
Pro Se

Deron Brunson (Affiant), being first duly sworn and under oath, deposes and says that Affiant is the Plaintiff in the above-entitled action; that Affiant has read the foregoing Verified Complaint and understands the contents thereof, and the same is true of his own knowledge.

                                                       _____
                                                       Deron Brunson
                                                       Plaintiff/Affiant

State of Utah                  )
                               :ss
County of Salt Lake    )

Deron Brunson appeared before me on the 21 day of April, 2009 with satisfactory evidence to prove to me his identity and signed this document in my presence and affirmed that he had read this document and understood its contents and that the contents were true to his personal knowledge.

DATED this 21 day of April, 2009.

                                                       _____
                                                       Notary Public

*[Notary stamp: ROBERT JEFFERY LUDLOW, Notary Public, State of Utah, My Commission Expires June 06, 2010, Commission #564087]*