IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DERON BRUNSON<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE SERVICING INC., et al.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br><br><br>Case No. 2:09-cv-00436 |

## I. INTRODUCTION

Mr. Deron Brunson, a *pro se* plaintiff, originally filed suit in Third District State Court of Utah alleging two claims of breach of contract. Defendant American Home Mortgage Servicing, Inc. (AHMSI) removed the case from state court, asserting Plaintiff's claims were federal causes of action, pointing to federal statutes appearing on the face of the pleadings. Plaintiff now moves to remand asserting that he is the master of his claims and can avoid federal court by choosing to base his claims in state law. The Court will deny the Motion to Remand to State Court because a significant, disputed federal question appears on the face of the Plaintiff's well-pleaded complaint.

## II. FACTS

Plaintiff's first cause of action claims that Defendant AHMSI allegedly failed to respond to Plaintiff's request for information under the requirements of Real Estate Settlement Procedures Act (RESPA), stating in the Complaint:

> American Home was negligent when it did not properly provide to the Plaintiff the information requested by Plaintiff pursuant to 12 U.S.C. § 2605(e)(b)(ii)&(e)(B) [RESPA].[1]

Second, Plaintiff claims that AHMSI negligently failed to provide Plaintiff with rescission forms at the time of loan origination as required under Truth in Lending Act (TILA), stating:

> On or about July 10, 2007 American Home was negligent when it did not provide Rescission Forms before, during or after Plaintiff signed Closing Documents . . . pursuant to 15 U.S.C. § 1635 [TILA] requir[ing] American Homes as a creditor to provide the Plaintiff with Rescission Forms.[2]

Although these claims refer to violations of federal laws, Plaintiff asserts that his claims are based on common law breach of contract and negligence and urges the Court to allow him to be the "master" of his claim, thereby avoiding claims based on federal law, and remain in state court.[3]

Plaintiff also alleges that when AHMSI deposited the Plaintiff's note, it "created new money in violation of The United States Constitution, Article 1 § 8(5)," and asserts a "punitive

---

[1] Docket No. 1, Document No. 2, ¶ 29.

[2] *Id.* at ¶ 22, 23.

[3] Docket No. 38, at 5, 7.

damages" claim.[4] Neither of these claims will be discussed here because Plaintiff's claims under RESPA and TILA are sufficient to support supplemental federal jurisdiction over all other claims within the same case or controversy.[5]

### III. STATUTORY STANDARD

Federal District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[6] "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[7] In *Christianson v. Colt Indus. Operating Corp.*, the Supreme Court has also held that federal jurisdiction is extended when the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law . . . in that 'federal law is necessary element of one of the well-pleaded . . . claims.'"[8]

The well-pleaded complaint rule requires that "the federal question giving rise to jurisdiction must appear on the face of the complaint."[9] This rule also "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[10]

---

[4] Docket No. 1, Attachment No. 2, ¶ 35

[5] 28 U.S.C. § 1367.

[6] 28 U.S.C. § 1331.

[7] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir.1994) (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, (1983)).

[8] *Christianson*, 486 U.S. 800, 809 (1988).

[9] *Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003).

[10] *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 and 1344 (10th Cir.1996). There is an exception to the well-pleaded complaint rule: complete preemption. However, neither RESPA

Because the Plaintiff is proceeding *pro se*, the plaintiff's pleadings are to be construed liberally.[11] The Tenth Circuit has said that interpreting claims liberally might apply to a *pro se* plaintiff's "unfamiliarity with pleading requirements."[12] The Tenth Circuit has also clarified that a plaintiff may not "circumvent federal jurisdiction by omitting federal issues that are essential to his or her claim."[13]

Finally, the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.[14]

## IV. FEDERAL JURISDCITION OF TILA AND RESPA

The Supreme Court has held that claims of TILA and RESPA violations are within the jurisdiction of the federal courts simply under the grant of section 1331.[15] However, at least one court has said that jurisdiction based on TILA was not available when the plaintiff only asserts

---

nor TILA "completely preempt" state law for purposes of removal jurisdiction. *See generally Wood v. Option One Mortg. Corp.*, 580 F. Supp. 2d 1248 (N.D. Ala. 2008); *Jamal v. WMC Mortg. Corp.*, 2005 U.S. Dist. Lexis 5076, (E.D. Penn. March 28, 2005); *McCrae v. Commercial Credit Corp.*, 892 F.Supp. 1385, 1386-87 (M.D. Ala. 1995).

[11] *Neitzke v. Williams*, 490 U.S. 319, 330 (1989).

[12] *Neitzke*, 490 U.S. at 330.

[13] *Schmeling*, 97 F.3d at 1344 n.2.

[14] *See generally Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005).

[15] *American Exp. Co. v. Koerner*, 452 U.S. 233, 240 (1981).

4

valid state law claims independent of any TILA violation.[16]

## V. APPLICATION TO THE PRESENT CASE

In the present case, the Court has jurisdiction because federal law is a necessary element of the plaintiff's well-pleaded complaint.

Plaintiff claims relief for negligence based on the provisions of both TILA and RESPA. The alleged violations appearing directly on the Plaintiff's well-pleaded complaint make specific reference to both federal laws. Similar to the statement made in the *Christianson* case, Plaintiff here also relies on these federal laws to establish his right of relief, and these laws are a necessary element of either his TILA-based or RESPA-based negligence claims.

Plaintiff is the "master of his claim" and, as such, is allowed to avoid allegations granting federal jurisdiction by basing his claims only on state law.[17] However, Plaintiff has not done so here. Instead, on their face, Plaintiff's claims allege violations of federal law for which the Plaintiff seeks relief.[18]

As to the liberal construction of *pro se* pleadings, the Tenth Circuit has said that interpreting claims liberally might apply to a *pro se* plaintiff's "unfamiliarity with pleading requirements."[19] However, the most liberal construction of Plaintiff's claims would not have allowed the Plaintiff to disguise the essential nature of the federal issues in this case. In fact,

---

[16] *King v. Provident Bank* 428 F. Supp. 2d 1226, 1231 (M.D. Ala. 2006) (holding that the plaintiff's allegation of fraudulent misrepresentation was a valid state law claim that would permit recovery independent of any TILA violation).

[17] *Schmeling*, 97 F.3d at 1344 n.2.

[18] Docket No. 12.

[19] *Neitzke*, 490 U.S. at 330.

construction of the federal mortgage lending and settlement laws appear to be the only legal or factual issue contested in the case.  Furthermore, the statement from *Schmeling* applies here because Plaintiff may not avoid jurisdiction by failing to allege federal issues that are essential to his case. Therefore Plaintiff may not, due to his *pro se* status, request the Court construe the essential federal issues appearing on the face of his complaint as state law issues.

Finally, the federal courts are a congressionally intended forum for disputes regarding these federal laws.  The federal statutes on which the claims are based create a private right of action.  They also include specified remedies found in RESPA and a grant of jurisdiction found in TILA.  Therefore, finding federal jurisdiction in this case is not inconsistent with congressional judgment about the sound division of labor between state and federal courts governing the jurisdiction of federal courts.

## VI. CONCLUSION

The Court will deny the Motion to Remand to State Court because there is a substantial, disputed federal issue appearing on the face of the plaintiff's well-pleaded complaint, even construing the *pro se* complaint liberally.  The interpretation of federal laws are essential to the Plaintiff's claim and to resolve the dispute.   Moreover, the issue is substantial and does not disrupt the balance of federal/state power.

It is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 12) is DENIED.

DATED   August 14, 2009.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge