IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DERON BRUNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE SERVICING, LAW OFFICE OF WOODALL AND WASSERMAN, and AURORA LOAN SERVICES,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br><br>Case No. 2:09-CV-436 TS |

## I. INTRODUCTION

This matter is before the Court on three Motions to Dismiss the pro se Complaint. Each defendant moves to dismiss under Fed.R.Civ.P. 12(b)(6) for the failure to state claims upon which relief can be granted. For the reasons stated below, the Court will grant the Motions and dismiss the Complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2009 Plaintiff Deron Brunson, acting pro se, filed his Complaint in state court. On May 12, 2009, Defendant American Home Mortgage (American Home) removed

1

the case to this Court. On August 14, 2009, the Court denied Plaintiff's Motion to Remand the case.

In his Complaint, Plaintiff alleges that he obtained a loan secured by a deed of trust to purchase his primary residence (the Residence).[1] He alleges that the loan was subsequently assigned to Aurora Loan Services, LLC (Aurora) and that Defendant James Woodall (one of the Woodall Defendants) is the successor trustee on the Deed of Trust.

He further alleges that he sent a Notice of Cancellation,[2] that among other things, purported to rescind the loan under TILA[3] and its Regulation Z,[4] because no rescission forms were provided as required by TILA. He alleges he requested such forms as well as other information. He alleges that despite the rescission, the Woodall Defendants and Aurora are involved in a non-judicial foreclosure of the Residence.

The Complaint brings the following claims. One claim of wrongful foreclosure against the Woodall Defendants and Aurora alleging that they violated Plaintiff's due process rights under the United States and Utah constitutions because the Deed of Trust and other loan documents provide for non-judicial foreclosure and also because Defendants are proceeding with the foreclosure despite knowledge of his Notice of Rescission.

---

[1] Docket No. 1-3 at ¶ 1 and 2.

[2] The Notice is attached as Exhibit C to the Complaint, Docket No. 1-6.

[3] 15 U.S.C. § 1635(b).

[4] *Id.* at §§ 226.15(d)(1) and 226.23(d)(1).

Two claims of negligence against American Home.[5] The first claim alleges that American Home created new money in violation of the United States Constitution and also failed to provide information or respond to Plaintiff's Notice of Cancellation under the provisions of the Real Estate Settlement Procedures Act (RESPA).[6] The second negligence claim against American Home alleges it failed to provide Plaintiff with rescission forms at the time of loan origination as required under Truth in Lending Act (TILA).[7]

The third cause of action is for punitive damages against all Defendants. The claim for punitive damages against American Home alleges that, if it is found to have violated RESPA or TILA, it would have acted with gross negligence of duty. The claim for punitive damages against the Woodall Defendants and Aurora alleges that they are proceeding with foreclosure while ignoring the law and Plaintiff's Notice of Cancellation.

### III. STANDARD FOR 12(b)(6) MOTIONS

Because Plaintiff is acting pro se, the Court construes his Complaint liberally, but does not "act as his advocate."[8] As explained by the Tenth Circuit:

> this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. "This court, however, will not supply additional

---

[5]Two counts of negligence against American Home are listed under the First Cause of Action.

[6]12 U.S.C. §§ 2601-17.

[7]15 U.S.C. § 1501, et seq.

[8]*Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

3

factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[9]

In considering a motion under Rule 12(b)(6), the Court assumes "the factual allegations are true and ask[s] whether it is plausible that the plaintiff is entitled to relief." In *Ashcroft v. Iqbal*,[10] the Supreme Court further explained its earlier *Twombly*[11] decision on "evaluating whether a complaint is sufficient to survive a motion to dismiss"[12] under Rule 12(b)(6):

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.[13]
>
> "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Conclusory allegations are not enough to withstand a motion to dismiss.[14]
>
> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." [15]

---

[9] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997)).

[10] 129 S.Ct. 1937 (2009).

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[12] *Iqbal*, 129 S.Ct. at 1940.

[13] *Id*. at 1949-50 (citations omitted).

[14] *Gallagher*, at 106 (quoting *Iqbal*, 129 S.Ct. at 1949 (2009)).

[15] *Iqbal,* 129 S.Ct. at 1948 (quoting *Twombly*, 550 U.S. at 555 and 557).

4

## IV. AURORA LOAN SERVICES

Aurora moves to dismiss the claims against it for failure to state a claim under rule 12(b)(6). Aurora argues that there is no right under TILA to rescind a purchase money - money loan. The Court agrees.

TILA exempts "residential mortgage transactions" from § 1635.[16] A "residential mortgage transaction" is defined as "a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."[17] Here, based on the factual assertions in Plaintiff's Amended Complaint, the Court finds that the transaction at issue is a residential mortgage transaction because the loan was obtained to finance the acquisition of Plaintiff's dwelling. Therefore, § 1635(a) is not applicable here. A number of courts, including this one, have reached this same conclusion.[18] Similarly, "[s]ince § 1635 by its clear language does not apply to residential mortgage transactions, the regulations on which Plaintiff relies do not apply."[19]

---

[16] 15 U.S.C. § 1635(e)(1).

[17] 15 U.S.C. § 1602(w).

[18] *See Shelburne v. Academy Mortg. Corp.*, 2009 WL 3459869, *3 (D. Utah Oct. 21, 2009); *Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp. 2d 1253, 1261 (D. Colo. 2004).

[19] *Barrow v. Countrywide Home Loans, Inc.*, 2009 WL 3418165 (D.Utah Oct. 16, 2009).

Plaintiff argues that subsection (i)(1) of § 1635 provides that the right of rescission in foreclosure is "in addition to any other right of rescission."[20] However, as this Court has previously held, subsection (i)(1), like the rest of section 1635, does not apply to residential mortgage transactions. As subsection (e)(1) of section 1635 explains: "this section does not apply to residential mortgage transactions." Subsection (i)(1) of section 1635 relied upon by Plaintiff is indisputably a part of section 1635, and, therefore, does not cover the residential mortgage transaction at issue in this case. Instead, subsection (i)(1), like the rest of § 1635, applies to the type of consumer credit transactions where the security interest is acquired in any property used as the principal dwelling of the person to whom credit is extended, provided it is not a residential mortgage transaction or any of the other types of transactions specifically excluded from the coverage of the section.[21]

Thus, Aurora is correct that, even accepting as true Plaintiff's allegations that he did not receive any notice of the right to rescind at the time of closing and that he sent a notice attempting to rescind the transaction, he is still not entitled to relief because the rights of rescission and disclosure relied upon by Plaintiff do not, as a matter of law, apply to the type of transaction alleged by Plaintiff. Therefore, he fails to state any claims against Aurora upon which relief can be granted.

Aurora also moves to dismiss Plaintiff's claims for wrongful foreclosure based on any violation of due process rights because a private non-judicial foreclosure sale does not

---

[20] 15 U.S.C. § 1635(i)(1).

[21] *See id*. at 1635(e) (exempting four types of transactions).

constitute state action for purposes of the due process clauses of the Utah or United States constitutions. The Court agrees.[22] Further, Plaintiff's claims for wrongful foreclosure based on the conclusory statement that the deed of trust is void is based upon his claim of rescission. As discussed above, rescission has no application to the transaction alleged in the present case.

Finally, the Court agrees with Aurora that the claim for punitive damages must fail because Plaintiff fails to state a claim for wrongful foreclosure, or any other claim upon which relief can be granted. Accordingly, the Court will grant Aurora's Motion to Dismiss.

V. WOODALL DEFENDANTS

All of the claims against the Woodall Defendants are premised on Plaintiff's theory that there is a wrongful foreclosure because he has rescinded the transaction and the deed of trust is void. The Woodall Defendants move to dismiss for the failure to state a claim upon which relief can be granted because nonjudicial foreclosure does not involve state action and, therefore, Plaintiff's claims have no merits.

Plaintiff argues that the co-defendants have admitted the facts alleged, including that the deed of trust is void. He further argues that due process is an important protection for citizens in the United States.

The Court finds that there are no such admissions of violations of due process or that the deed of trust is void. As stated in *Iqbal*, "the tenet that a court must accept as true

---

[22] *See Dirks v. Cornwell*, 754 P.2d 946, 951-52 (Utah App. 1988) (holding that the state's recognizing the legal effect of the private contractual right (deed of trust) during nonjudicial foreclosure actions does not constitute state action for purposes of the due process clause).

all of the allegations contained in a complaint is inapplicable to legal conclusions by co-defendants."[23] Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[24] Plaintiff's statements in his Complaint asserting violations of due process rights and that the deed of trust is void for the failure to comply with rights under TILA or RESPA are just such nonbinding legal conclusions couched as factual allegations as discussed in *Iqbal*.

As discussed above, the Court, as did the Defendants, must assume that the following factual allegations are true for the purposes of the Motions to Dismiss: that Plaintiff did not receive notice of rights to rescind at the time of the transaction; that Plaintiff has subsequently sent a notice of rescission; and that Aurora was aware that Plaintiff sent a Notice of rescission. However, as discussed above, because the Complaint alleges a transaction that is a residential real estate transaction, the TILA/RESPA rights asserted do not apply. Therefore, the Court agrees with the Woodall Defendants that all of the claims for wrongful foreclosure based on the effect of the Plaintiff's attempted assertion of such rights fail to state a claim upon which relief can be granted.

For the reasons stated above, Plaintiff fails to state a claim for wrongful foreclosure based on a violation of due process or for punitive damages. Accordingly, the Court will grant the Woodall Defendants' Motion to Dismiss.

---

[23] *Iqbal*, 129 S.Ct. at 1940.

[24] *Id.*

## VI. AMERICAN HOME

American Home argues that the Rule 12(b)(6), not the Rule 8 standard applies. American Home argues that Plaintiff's letter does not constitute a "qualified written request" and therefore did not trigger any obligation under RESPA to respond. American Home also argues that the TILA claim that it did not provide him with forms fails because TILA is not applicable to a residential mortgage transaction. Next, American Home contends that Plaintiff's claim that it created new money fails to state a claim and the complaint does not bring a Fourteenth Amendment Due process claim as argued in Plaintiff's opposition.

Plaintiff argues the standard should be Fed. R. Civ. P. 8's requirement of a short and plain statement. Plaintiff alleges the Rule 8 standard applies and that American Home has admitted his allegations by failing to respond to his Verified Complaint. He further argues that American Home violated RESPA when it failed to respond to his letter and that it did not provide him with notice of his right to rescind the loan under TILA.

As discussed above, the standard is under Rule 12(b)(6). American Home has not failed to respond to the Verified Complaint. Instead, it controverted the complaint by its timely Motion to Dismiss.

For the reasons stated above, TILA does not apply to a "residential mortgage transaction" and Plaintiff's claims under TILA fail. Plaintiff's claim regarding the allegation of creation of new money also fails to state a claim upon which relief can be granted.

Plaintiff's claim under RESPA involves a "Notice of Cancellation," discussed above. Also, as noted above, the Court must consider all of Plaintiff's well plead allegations as true for purposes of this motion. Plaintiff alleges that in October 2007, American Home

9

transferred the servicing of his loan to defendant Aurora.[25]  In April of 2009, Plaintiff sent American Home a documents titled "RE: NOTICE OF CANCELLATION" and "NOTICE OF POSSIBLE INTENT TO SUE."[26]  A copy of the this Notice is attached to the Verified Complaint and incorporated by reference.  Therefore, the Court may consider it without converting this to a motion for summary judgment.[27]

> RESPA requires that upon the receipt of a qualified written request, the servicer of a federally related mortgage loan must acknowledge receipt of the correspondence within twenty days, excluding weekends and holidays, and within sixty working days, must make appropriate corrections or investigate and provide the borrower with a written notification explaining why the servicer believes the account is correct. 12 U.S.C. § 2605(e)(1)(A) & (2); see also 24 C.F.R. § 3500.21(e). A "qualified written request" must be a written correspondence that "includes, or otherwise enables the servicer to identify, the name and account of the borrower; and includes a statement of the reasons for the belief of the borrower ... that the account is in error or provides sufficient detail to the servicer regarding other information sought ...." § 2605(e)(1)(B). AGF does not dispute plaintiffs' assertion that it is a "servicer" of a "federally related mortgage loan," as defined by RESPA. 12 U.S.C. §§ 2605(i)(2) & 2602(1).[28]

The Notice contains the account number.  However, the Court finds that it is not a "qualified written request" for the following reasons.  Its stated purpose is to "brief" American Home in preparation for bringing a lawsuit.  It reads like a complaint.  It makes demands for damages.  It states that American Home "may choose to answer my

---

[25] Verified Complaint at ¶ ¶13-15.

[26] *Id.* at ¶ 18.

[27] *Prager v. LaFaver*, 180 F.3d 1185, 1188-89 (10th Cir. 1999).

[28] *Harris v. American General Finance, Inc.* , 259 Fed.Appx. 107, 109-110 (10th Cir. 2007).  the Court finds this unpublished Order to be persuasive on the issue of what is a qualified written request.

questions, or hide behind their interpretation of the laws to avoid answering my questions."[29] It also states Plaintiff's position that American Home has already failed to answer the questions and is already in violation of §2605(e)(b)(ii) & (e)(B). The Notice does provide a list of questions but requests the information for the following reason: "That I may have more substantial proof of your fraud in order to properly allege it in a lawsuit . . . "[30] The list of questions do not ask about the amount of the account, or about American Home's servicing, but generally go to Plaintiff's theories that American Home somehow violated the law by transferring the account thereby creating new money. The Notice does not claim that the account is incorrect and does not request information about the servicing of the loan. Instead, it claims that American Home failed to tell him of its intention regarding the note (the alleged intention being his theory of the creation of new money), failed to comply with TILA, and committed fraud and violated RICO. The Court finds that the Notice is not a "qualified written request" because it does not provide sufficient detail to the servicer regarding information relating to American Home's servicing of the loan but instead relates to questions seeking support of Plaintiff's novel legal theories.

Further, 24 C.F.R. § 3500.21(e) (2)(ii), provides that a "written request does not constitute a qualified written request if [among other things] it is delivered to a servicer more than 1 year after . . . the date of transfer of servicing."[31] Plaintiff alleges in his

---

[29]*Id.*, Ex. C at 3.

[30]*Id.*

[31]24 C.F.R. §3500.21(2).

11

Verified Complaint that he received the notice of the transfer of servicing from American Home to Aurora to be effective October 15, 2007 and that he did not send his Notice until February 13, 2009. Because the Notice was delivered to the servicer more than 1 year after the date of the transfer of servicing, it is not a "qualified written request."

Because Plaintiff fails to state a claim for against American Home for which relief can be granted on his substantive claims, his claim for punitive damages must also be dismissed. Accordingly, the Court will grant American Home's Motion to Dismiss.

## VII.   MOTIONS TO STRIKE

Defendants moves to strike the unsigned default certificates and default judgements filed by Plaintiff and showing as lodged documents. It appears to the Court that these documents are all proposed orders and judgments submitted by Plaintiff. Because they are not signed by the Court, they are of no effect. The Court will deny the Motion to Strike and will instead disregard Docket Nos. 19, 20, 21, and 22 as proposed orders.

## VIII.   ORDER

Based on the foregoing, it is

ORDERED that Defendant Aurora Home Services Motion to Dismiss (Docket No. 8) is GRANTED. It is further

ORDERED that Motion to Dismiss (Docket No. 15) filed by Defendants James Woodall and the Law Offices of Woodall and Wasserman, is GRANTED. It is further

ORDERED that Defendant American Home Mortgage Servicing's Motion to Dismiss (Docket No. 23) is GRANTED. It is further

ORDERED that the Motion to Strike (Docket No. 27) is DENIED but the lodged documents at Docket Nos. 19, 20, 21, and 22 shall be disregarded as proposed orders.

The clerk of court is directed to close this case.

DATED   March 29, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge